Markman, J.
(concurring). Defendant was convicted of second-degree criminal sexual conduct. Although the sentencing guidelines called for a minimum sentence of 0 to 17 months of imprisonment, the trial court sentenced defendant to 2 to 15 years. The Court of Appeals affirmed the conviction, but remanded for resentencing, concluding that the trial court failed to articulate substantial and compelling reasons to justify the sentencing departure. People v Olman, unpublished opinion per curiam, issued June 12, 2007 (Docket No. 268464) (Olman I). This Court denied leave to appeal (although defendant appealed the affirmance of his conviction, the prosecutor did not file a cross-appeal regarding the sentencing issue). People v Olman, 480 Mich 925 (2007). On remand, the trial court again sentenced defendant to 2 to 15 years. The Court of Appeals again remanded for resentencing. People v Olman, unpublished opinion per curiam, issued November 18, 2008 (Docket No. 281151) (Olman II).
The trial court’s first reason for departing was that offense variable 10, MCL 777.40, gives the victim’s age inadequate weight. However, in the first appeal, the Court of Appeals held that the victim’s age did not justify a departure, and the prosecutor never appealed. Therefore, this was clearly the law of the case in the second appeal.
The trial court’s second reason for departing was that defendant is a corrections officer, a position of public trust. However, MCL 769.34(3)(a) prohibits the court from using the defendant’s legal occupation to depart from the guidelines range. Contrary to the dissent’s contention, this case is significantly distinguishable from People v Smith, 482 Mich 292, 298 n 3 (2008), because there the “defendant exploited his position of trust as a child-care provider for the vulnerable victim” to commit the offense. Here, defendant did not use his position in any way to commit the crime; he was not acting in any way as a corrections officer. He could have just *972 as easily been a dentist or an auto mechanic. Under these circumstances, the fact of his occupation is simply irrelevant.[1]
The dissent contends that the departure was justified because defendant’s conduct "cast doubt on [his employer] and its employees.” Post at 974. However, this justification could be applied in every case to every defendant.[2] The dissent asserts that this is not true because only public employees can abuse the public trust. It also contends that MCL 769.34(3)(a) only prohibits a trial court from relying on a defendant’s occupation as a reason for a departure when the trial court does so for “discriminatory reasons.” Post at 973. Essentially, then, the dissent would rewrite MCL 769.34(3)(a) to provide that a trial court cannot rely on a defendant’s occupation to justify a departure where that reliance is based on “discriminatory reasons,” but the trial court can rely on a defendant’s occupation as long as its reliance is not based on “discriminatory reasons” or the defendant is a public employee. Because this is not what the statute as actually written provides, I cannot agree. Similarly, the dissent’s contention that defendant’s conduct “raises questions about his conduct behind closed doors while exercising his official power over a captive prison population,” post at 974, is nothing more than pure and unvarnished speculation. There is utterly no such evidence in this case.

 To rebut the dissent’s assertion, yes, the trial court could undoubtedly “impose an upward departure on a judge who took a bribe for abusing the public trust,” post at 974, because in that hypothetical case, as in Smith, the defendant would have used his position of trust to commit the crime. Here, defendant’s position of trust had absolutely nothing to do with the crime that he committed.

 Further, as the Court of Appeals explained, “the issue of defendant’s actions having adverse affects on his coworkers is a subjective factor that cannot be objectively verified and thus does not provide a valid basis for a departure.” Olman II, supra at 5.